IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANNY CORONADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED MORTGAGE CORP, and MARK ROSENBLOOM, | ) Civil Action No. |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Danny Coronado ("Plaintiff" or "Coronado"), by and through his undersigned counsel, as and for his Complaint against Defendants, United Mortgage Corp ("United") and Mark Rosenboom ("Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Articles 6 and 19, the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "NYLL"), to recover unpaid earned overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b) and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff Danny Coronado ("Coronado") is a resident of Farmingdale, New York. Coronado was employed by Defendants as an Inside Loan Originator at Defendants' office located in Melville, New York from on or about June 2021 to December 2022. At all relevant times, Coronado was an "employee" as defined by the FLSA, 29 U.S.C. § 203, and New York Wage and Hour Law.

6. Defendant United Mortgage Corp ("United") is a New York corporation with locations in various regions throughout the United States, including its corporate headquarters located at 25 Melville Park Road, Suite 100, Melville, NY 11747.

7. At all relevant times, Defendant Mark Rosenbloom ("Rosenbloom") was the President of United. At all times relevant, Rosenbloom exercised operational control over United, controlled significant business functions of United, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of United in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Rosenbloom was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the NYLL, N.Y. Lab. Law §§ 2(6), 651(6), 190(3).

## FACTUAL ALLEGATIONS

8. Coronado's primary job duties was always to originate mortgage loans for Defendants.

9. These duties primarily included dealing with potential borrowers by telephone and through email transmissions.

10. During his employment, Coronado worked seven days per week days a week.

11. During this time, Coronado worked Monday through Sunday for 65 hours worked per day hours each day with a meal break of one hour per day from Monday to Friday.

12. During his employment, Coronado worked 60 hours per week hours each week.

13. At all times relevant to this action, Coronado was employed as a Loan Originator for the benefit of and at the direction of Defendants.

14. Coronado's primary job duties were always to originate mortgage loans for Defendants.

15. These duties primarily included dealing with potential borrowers by telephone and through email transmissions.

16. During his employment, Coronado performed his primary duties for Defendants at their office located in Melville, New York.

17. During his employment, Coronado also performed his primary duties for Defendants from a home office.

18. During his employment, Coronado worked seven days a week.

19. During this time, Coronado worked Monday through Friday from 9:00 am a.m. to 8:00 p.m., Saturdays from 11:00 a.m. to 4:00 p.m., and Sunday's schedule fluctuated but was always a minimum of four hours.

20. During this time, Coronado took a one hour meal break on Mondays through Fridays and no meal breaks on the weekends.

21. During his employment, Coronado worked 60 hours each week.

22. During his employment, Coronado was paid an hourly rate plus commissions.

23. Defendants only paid Coronado commissions when a loan that he worked on closed and funded.

24. At all relevant times, Defendants required Plaintiff to work off-the-clock in violation of the requirements of the FLSA and state law.

25. Defendants failed to make and maintain true and accurate records of all the time worked by Plaintiff.

26. Defendants did not accurately record the hours worked by Plaintiff during each day and each week of his employment.

27. Defendants knew or should have known that Plaintiff worked in excess of forty (40) hours during each week of his employment.

28. Defendants did not pay Plaintiff time-and-a-half his regular rate of pay for time worked in excess of forty (40) hours each week.

29. Defendants managed Plaintiff's employment, including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

30. Defendants' failure to pay proper wages in a timely manner were made without good faith, willful, and with reckless disregard for Plaintiff's rights; and Named Plaintiff and has been damaged by such failures.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, ET SEQ.
### FAILURE TO PAY OVERTIME WAGES

31. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

32. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

33. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

34. At all relevant times, Plaintiff was engaged in commerce because he regularly communicated with potential borrowers in several states throughout the United States by telephone and email transmissions.

35. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who worked as a Loan Originator in New York.

36. Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendant for the years 2014 to the present has not been less than $500,000.00 each year.

37. At all relevant times, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

38. Section 207(a)(1) of the FLSA states that an employer must pay its employees overtime equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 in any given workweek.

39. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

40. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the Plaintiff because Defendants have not met the requirements for coverage under the exemptions.

41. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

42. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR ARTICLES 6 AND 19
## FAILURE TO PAY OVERTIME WAGES UNDER THE NYLL

43. Plaintiff Coronado reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

44. At all relevant times, Coronado was employed by Defendants within the meaning of NYLL §§ 2 and 651.

45. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR § 142-2.2.

46. By the above-alleged conduct, Defendants have failed to Plaintiff overtime compensation as required by the NYLL.

47. Plaintiff is not exempt from the overtime provisions of the NYLL, because Defendants have not met the requirements for any of the reduced number of exemptions available under New York law.

48. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

49. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
### VIOLATION OF NEW YORK LABOR LAW SECTIONS 190, 191, AND 198
### FAILURE TO PAY WAGES WHEN DUE

50. Plaintiff Coronado reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

51. Defendants have failed to pay Plaintiff all wages, including regular wages and commissions, for the hours they worked for Defendants and for the loans that they worked on that closed and funded.

52. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid regular wages, unpaid commissions, and reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## COUNT IV
### VIOLATION OF NEW YORK LABOR LAW
### FAILURE TO PROVIDE COMPLETE WRITTEN STATEMENTS
### CONCURRENT WITH THE PAYMENT OF WAGES

53. Plaintiff Coronado reasserts and re-alleges the allegations set forth in each of the paragraphs above.

54. Pursuant to New York Labor Law Article 6 §195(1), as of April 9, 2011, all employers are required to provide employees with a written statement at the time of hiring and each year on or before February first notice which lists, inter alia, the rate or rates of pay and basis thereof.

55. Pursuant to New York Labor Law Article 6 §195(3), as of April 9, 2011, all employers are required to provide employees with a written statement with the payment of wages which lists, inter alia, the number of regular and overtime hours worked and the overtime rate of pay.

56. Defendants willfully and systematically failed to provide Plaintiff with the required notices or written statements pursuant to New York Labor Law Article 6 §195(1) and (3).

57. Accordingly, Plaintiff is entitled to recover from Defendants damages pursuant to New York Labor Law Article 6 § 198.

58. Plaintiff Coronado also seeks injunctive relief precluding Defendants from continued violations of these laws and affirmatively mandating their compliance with the provisions of the New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Coronado, by and through his attorney, the Law Offices of Erik H. Langeland, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A.    Declare and find that the Defendants committed one or more of the following acts:

        1.    Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

        2.    Willfully violated the overtime provisions of the FLSA;

        3.    Violated the provisions of the NYLL by failing to pay overtime and minimum wages Plaintiff Coronado;

        4.    Failed to pay wages when due to Plaintiff Coronado, including but not limited to overtime, minimum wages, and commissions;

        5.    Failed to provide complete written statements concurrent with the payment of wages to Plaintiff Coronado;

    B.    Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

    C.    Award liquidated damages;

    D.    Award interest on all NYLL claims and other compensation due accruing from the date such amounts were due;

    E.    Award all reasonable attorney's fees and costs incurred;

    F.    Provide such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: September 25, 2023        Respectfully Submitted,

                                          */s/ Erik H. Langeland*
                                          The Law Offices of Erik H. Langeland, PC
                                          733 Third Avenue, 16th Floor
                                          New York, New York 10017
                                          (212) 354-6270
                                          elangeland@langelandlaw.com

                                          **ATTORNEY FOR PLAINTIFF**